The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| MICHAEL JOSEPH SZERWINSKI & | ) |
| | ) CASE NO. 09-64294 |
| DONNA MARIA SZERWINSKI, | ) |
| | ) ADV. 10-6009 |
| Debtors. | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| JOSIAH L. MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL JOSEPH SZERWINSKI, | ) |
| | ) |
| DONNA MARIA SZERWINSKI, | ) |
| | ) |
| NATIONAL CITY BANK & | ) |
| | ) **MEMORANDUM OF OPINION** |
| MUSKINGUM WATERSHED | ) **(NOT FOR PUBLICATION)** |
| CONSERVANCY, | ) |
| | ) |
| Defendants. | ) |

On June 6, 2011, a trial was held in this matter. The chapter 7 panel trustee Josiah L. Mason ("trustee") represented himself, and Amelia A. Bower and Erin M. Laurito represented PNC Bank ("PNC"), formerly known as National City Bank. At the close of the trial, the court took this matter under advisement. This is the court's decision.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O) and venue is appropriate under 28 U.S.C. § 1409. Furthermore, this decision is within the court's constitutional authority under the Supreme Court's analysis in Stern v. Marshall, No. 10-179, 2011 WL 2472792 (U.S. June 23, 2011). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On September 22, 2006, debtors Michael Joseph Szerwinski and Donna Maria Szerwinski entered into a 30-year "Cottage Site Lease" with the Muskingum Watershed Conservancy District ("Conservancy District"). The lease covered property on Charles Mill Reservoir known as Lot CM-234 and with a street address of 945 Trout Dr., Mansfield, Ohio 44903 in Richland County, Ohio. It is undisputed that the Conservancy District is the fee simple owner of the land.

At the time debtors signed their lease, there was already a cottage on the property. The house was owned by the previous lessees, Jesse E. Hawks and Janet E. Hawks. On September 25, 2006, the Hawks and the debtors executed an "Assignment and Extension of Cottage Site Lease," which purported to transfer the previous lessees' interest in their Cottage Site Lease to the debtors for the consideration of one dollar. On September 27, 2006, the Hawks and the debtors executed a "Bill of Sale" that purported to transfer title to the cottage to the debtors for the sum of $105,000. On the same day, the debtors executed a mortgage in favor of PNC Bank. The mortgage secures payment of a note in the approximate amount of $233,284.78 at an interest rate of 7.125%. On October 3, 2006, the mortgage was recorded in the Richland County Recorder's Office.

On February 2, 2011, the trustee filed this adversary proceeding to avoid PNC's lien. On May 28, 2010, the trustee filed a motion for summary judgment, which was denied by the court on August 5, 2010. In the motion for summary judgment, the trustee made two arguments as to why PNC's lien is avoidable. First, the trustee argued that the description of the property in the mortgage was legally insufficient because the mortgage did not contain a metes and bounds description and because the property is listed as located in Ashland as opposed to Richland County Ohio. The court ruled against the trustee on this issue because the trustee did not cite any

2

case law in support of his position as required by Local Rule of Bankruptcy Procedure 9013-3. The trustee has still not provided any authority to support his position, and the issue appears to have been abandoned. Therefore, the court finds that the trustee has waived this issue.

Second, the trustee argued that the cottage was personal property and not real property. Therefore, PNC's security interest was avoidable pursuant to the trustee's strong arm powers because PNC did not properly perfect its security interest by filing a financing statement. In denying the motion, the court found that the trustee had failed to carry his burden of showing that the cottage was a chattel. The court noted that property records indicated that the cottage was a stick-built house with a basement and found it "unlikely that a stick-built house with a basement would be considered a chattel."

At trial, the trustee called three witnesses to support his argument that the cottage is a chattel. PNC did not call any additional witnesses. First, the trustee called Donnie J. Borland, who is the lease manager for the Conservancy District. He testified that the Conservancy District leases only the land around Charles Mill Reservoir and regards the cottages as personal property under the terms of the Conservancy District's standard form lease. He also pointed out that cottages in the Conservancy District are transferred by bill of sale as opposed to deed. Finally, he testified that it was possible to move a cottage from the leased land. He recalled that, several years ago, a cottage on land owned by the Conservancy District on Seneca Lake was moved to private property on the same lake. On cross examination, Mr. Borland confirmed that the cottage does not have axles or wheels and is a three-level house with a basement.

Second, the trustee called Mr. Szerwinski. Mr. Szerwinski testified that at the time he purchased the property he understood that he was only purchasing the cottage and not the land it sits on. He testified that he understood that he might be required to move or demolish the cottage at the end of the lease. He also testified that he was aware that buildings could be moved and that he had seen a building moved on television. Third, the trustee called Mrs. Szerwinski. She also testified that, at the time the debtors purchased the cottage, she understood that they would own only the cottage and not the land. On cross-examination she confirmed that the cottage is a fully-integrated structure with a basement.

By stipulation of the parties, the trustee also submitted into evidence the deposition of Earick Earhart, a licensed appraiser. He testified that he appraised the cottage in August of 2006. (Deposition at 13). He confirmed that the structure was a fully-integrated, three-story house. However, he testified that he did not consider the lower level a basement because it was finished in a way that was similar to the other two levels of the house. (Deposition at 14). He testified that the cottage could be moved because "[a]ny structure can be moved." (Deposition at 31). He testified that he had never witnessed a structure being moved but was aware of a historic building in Ashland, Ohio that had been moved from one side of the street to the other. (Deposition at 32–33). He also testified that, regardless of whether the cottage was transferred by deed, he considered the cottage to be real estate as opposed to personal property. (Deposition at 48).

10-06009-rk    Doc 62    FILED 06/27/11    ENTERED 06/27/11 11:18:55    Page 3 of 5

## LAW AND ANALYSIS

The court's opinion on the trustee's motion for summary judgment discusses how security interests are perfected in chattels, fixtures and real estate. For the reasons stated in that opinion, a security interest in real property or a fixture can be perfected by recording a mortgage. A security interest in a chattel, on the other hand, can only be perfected by recording a financing statement with the Ohio Secretary of State. A mortgage, but not a filing statement, was recorded in this case. Therefore, the trustee can only prevail in this case if he can show that the cottage is a chattel.

The trustee has not demonstrated that the cottage is a chattel. Under Ohio law, chattels are goods that are movable. At the outer limit, chattels might also include goods that are "for temporary purposes somewhat attached to the land . . . ." Teaff v. Hewitt, 1 Ohio St. 511, 525 (1853). In cases where courts have treated a building as personalty, the parties have evidenced a clear intent to move the building from the realty. See Robnolte v. Kohart, 76 N.E.2d 913, 915 (Ohio App. 1947); Miller v. Beckley, 1989 WL 84150, *2 (Ohio App. 1989). In this case, the court concludes that the cottage is realty and not a chattel because it is highly integrated with the land and because the trustee had not presented substantial evidence that the debtors actually intended to relocate the cottage.

It is beyond dispute that the cottage is highly integrated with the land. The cottage is clearly a three-story house on a foundation. At most, the trustee's evidence demonstrates that it would be *possible* to move part of the cottage (the top two stories). However, as with any stick-built house, any such relocation would be unusual and expensive. Indeed, the Conservancy District's lease manager was only aware of one instance where a cottage had been moved during his 26-year tenure. Moreover, in such event the basement walls, slab and foundation would remain. These are physically integrated into the real property and are physically attached thereto. Any intent that part of the house could be moved does not change the fact that the entirety of it is attached to the real property.

The trustee also failed to produce significant evidence that the debtors had any intention to move the cottage. While the debtors acknowledged that they might someday be required to move the cottage, they did not indicate that they actually planned to do it. Furthermore, the documents presented by the parties send at best mixed signals. For example, the trustee's position is somewhat supported by Section 19 of the Cottage Site Lease which provides that the debtors may remove any dwelling they construct within 30 days of the expiration of the lease. On the other hand, Section 18 treats the cottage as a permanent addition by providing that in the event of a default "all right, title and interest of the LESSEE in the leased premises shall terminate and cease and shall revert to the LESSOR, together with all buildings, structures, and improvements . . . ."

Accordingly, the court concludes that the trustee cannot avoid PNC's security interest.

4

An order will issue with this opinion.

\#     \#     \#

Service List:

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Michael Joseph Szerwinski
945 Trout Drive
Mansfield, OH 44903

Chrysanthe E Vassiles
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

Donna Maria Szerwinski
945 Trout Drive
Mansfield, OH 44903

Amelia A Bower
Plunkett & Cooney
300 E Broad St
#590
Columbus, OH 43215

Erin M. Laurito
7550 Paragon Road
Dayton, OH 45459

Muskingum Watershed Conservancy District
1319 Third Street Northwest
New Philadelphia, OH 44663-1305

Jonathan C Mizer
Kyler, Pringle, Lundholm & Durmann, LPA
PO Box 668
New Philadelphia, OH 44663